1  ELLIS GEORGE LLP
   Benjamin D. Scheibe (State Bar No. 101327)
2    bscheibe@ellisgeorge.com
   Milin Chun (State Bar No. 262674)
3    mchun@ellisgeorge.com
   2121 Avenue of the Stars, 30th Floor
4  Los Angeles, California 90067
   Telephone: (310) 274-7100
5  Facsimile: (310) 275-5697

6  ELLIS GEORGE LLP
   Andrew W. Gust (admitted pro hac vice)
7    agust@ellisgeorge.com
   Zander A. Weiss (admitted pro hac vice)
8    zweiss@ellisgeorge.com
   152 W 57th Street, 28th Floor
9  New York, New York 10019
   Telephone: (212) 413-2600
10 Facsimile: (212) 413-2629

11 Attorneys for Defendants Ashlee Chu
   Hewitt, Alan Charles Hewitt, and Hewitt
12 Advisors, Inc.

13

14                UNITED STATES DISTRICT COURT

15      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

16

17 MERCER GLOBAL ADVISORS,          Case No. 2:23-cv-03659-GW-JPR
   INC.,
18                                  **DEFENDANTS' EX PARTE**
              Plaintiff,            **APPLICATION TO MODIFY**
19                                  **SCHEDULING ORDER**
         vs.
20                                  [*Filed concurrently with [Proposed]*
   ASHLEE CHU HEWITT, ALAN          *Order and Supporting Declaration*]
21 CHARLES HEWITT, HEWITT
   ADVISORS, INC., and DOES 1
22 through 10, inclusive, ,         Action Filed:        April 3, 2023
                                    Disc. Cutoff Date:   July 11, 2024
23            Defendants.           Pretrial Conf. Date: Sept. 5, 2024
                                    Trial Date:          Sept. 10, 2024
24
                                    **U.S. District Judge**
25                                  **Hon. George H. Wu**

26

27

28

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

COME NOW Defendants ASHLEE CHU HEWITT, ALAN CHARLES HEWITT, and HEWITT ADVISORS, INC. (collectively, "Defendants"), by and through their undersigned counsel, hereby apply ex parte to modify the Scheduling Order, as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Rebuttal Expert Disclosures | July 25, 2024 | August 9, 2024 |
| Expert Discovery Cutoff | August 1, 2024 | August 26, 2024 |
| Motion Hearing Deadline (excluding motions in limine) | August 28, 2024 | October 17, 2024 |
| Motion Filing Deadline | 28 days before hearing date | 28 days before hearing date |
| Last Day to Complete Mediation | August 26, 2024 | COMPLETED |
| Post Mediation Status Conference | August 29, 2024 at 8:30 a.m. | NO CHANGE |
| Final Pretrial Conference | September 5, 2024 | November 7, 2024 |
| Trial | September 10, 2024 | November 19, 2024 |

Good cause exists to modify the Scheduling Order due to 1) the disruption caused by Plaintiff Mercer Global Advisors, Inc.'s ("Mercer") late addition and subsequent subtraction of Hewitt Wealth Management, Inc. as a defendant, which 2) deferred Defendants' now-pending Motion for Summary Judgment. That Motion is not set to be heard until August 19, 2024, which may not give the Court sufficient time to rule before the currently-scheduled September 10, 2024 trial date and which will require both parties to redraft and resubmit their pretrial documents based on the results of the Motion unless the Motion is granted or denied in its entirety. *Ex parte* relief is warranted where, as here, despite Defendants' diligence, the current schedule's deadlines cannot be satisfied in a manner that allows the Court and parties to prepare for trial.

Defendants requested that Mercer stipulate to the requested modification, but Mercer declined. Defendants then gave Mercer *ex parte* notice orally over the

telephone on July 18, 2024.  Counsel for Mercer informed Defendants that Mercer plans to oppose the application.

This application is based upon the following Memorandum of Points and Authorities, the Declaration of Benjamin D. Scheibe, all matters of which the Court may take judicial notice, the pleadings and records in this file, and any other matter the Court deems appropriate.

DATED:  July 18, 2024                    ELLIS GEORGE LLP


By: _____
        Benjamin D. Scheibe
        Milin Chun
Attorneys for Defendants ASHLEE CHU
HEWITT, ALAN CHARLES HEWITT, and
HEWITT ADVISORS, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    Introduction

This matter was proceeding apace for a trial originally set for June 18, 2024. Then, at the eleventh hour, plaintiff Mercer Global Advisors, Inc. ("Mercer") sought to amend its Complaint to add new claims and a new party, Hewitt Wealth Management, Inc. (Dkt. 49.)  Defendants, who believe this suit is pure harassment and who were poised at that time to file their motion for summary judgment ("MSJ"), reluctantly agreed to the amendment, the reopening of discovery related thereto, and a concomitant trial continuance. (Dkt. 52, 53.)  Importantly, they were then forced to defer filing their anticipated summary judgment motion to avoid any argument by Mercer that the motion should be denied pursuant to Rule 56(d)(1) based on Mercer's inability to have obtained discovery concerning its new claims.

When Mercer took that discovery, it apparently concluded that its new claims were without merit.  It therefore proposed and the parties negotiated a dismissal of those claims, which was filed July 3, 2024. (Dkt. 90.)  In other words, the parties are back where they started pleading-wise.  But Defendants, in the meantime, deferred filing their MSJ.  That MSJ was filed on July 3, 2024 (Dkt. 91), the same day Hewitt Wealth Management, Inc. was dismissed.  That motion is set for hearing on August 19, 2024, and challenges each of the eight causes of action in Mercer's Complaint.

As a result, under the current schedule fashioned to accommodate Mercer's now abandoned amendment of its claim, the Court will have very little time before trial commences as currently scheduled on September 10, 2024 (three weeks) to rule on a comprehensive summary judgment motion.  Nor under that schedule will the parties be able to account for any narrowing or elimination of the claims to be tried in preparing their pretrial documents and the Pretrial Order.  Instead, those documents and the Pretrial Order may need to be substantially revised, or prepared anew, depending on the results of the MSJ.

Defendants therefore believe that a brief continuance is appropriate to give the Court sufficient time to consider and rule on the MSJ, as well as their anticipated *Daubert* motion, before trial commences, and to allow the parties to prepare pretrial documents, including witness and exhibit lists, jury instructions, verdict forms, and a Pretrial Order that actually address the claims remaining to be tried, if any. Defendants proposed to Mercer a brief trial continuance, to November 19, 2024, but Mercer declined, necessitating this application.

## II.    Statement of Facts

On August 22, 2023, the Court entered its original scheduling order with a trial scheduled for June 18, 2024.  (Dkt. 32.)

On February 16, 2024, Mercer filed the parties' stipulation to partially amend the scheduling order.  (Dkt. 40.)  The amendment was proposed by Mercer; Defendants agreed to the stipulation.  (Scheibe Decl. ¶ 2.)  On February 20, 2024, the Court granted the parties' request to partially amend the Scheduling Order (Dkt. 41) in order for the parties to conduct additional discovery.

On April 8, 2024, Mercer filed another joint stipulation to amend the scheduling order (Dkt. 50) alongside a joint stipulation for leave to file its First Supplemental Complaint (Dkt. 49), which added Hewitt Wealth Management, Inc. as a defendant.  The amendment to the scheduling order was once again proposed by Mercer; Defendants once again agreed to the stipulation on the condition that fact discovery remain open only with respect to Mercer's new discovery requests regarding Hewitt Wealth Management.[1]  (Scheibe Decl. ¶ 3.)

On April 8, 2024, the Court granted the parties' request to amend the Scheduling Order (Dkt. 52) in order to conduct discovery in response to Mercer

---

[1]    Despite this clear condition, Plaintiff renewed its original motions to compel Defendants to produce documents (Dkts. 66, 67), requiring Defendants to fully brief both motions.  The motions to compel were summarily denied as untimely.  (Dkt. 71.)

filing its First Supplemental Complaint and adding Defendant Hewitt Wealth
Management, Inc.  (Dkt. 54.)

Given the addition of new claims and a new defendant, and the Court's
allowance of additional discovery concerning those claims, Defendants deferred
filing the MSJ that they intended to file in advance of the June 2024 trial date.
Defendants did not want Mercer to be able to argue that the MSJ should be denied
because it had not had the opportunity to conduct sufficient discovery.  (Scheibe
Decl., ¶ 4.)

After obtaining additional discovery and pursuing two unsuccessful motions
to compel (see footnote 1, *supra*), Mercer apparently concluded that its new claims
were without merit.  It asked Defendants to stipulate to the dismissal of Hewitt
Wealth Management, Inc. and the new claims.  (Scheibe Decl., ¶ 5.)  On July 2,
2024, the parties submitted a joint stipulation to dismiss Hewitt Wealth
Management, Inc. as a defendant.  (Dkt. 74.)  On July 3, 2024 the Court ordered the
dismissal of the newly added party.  (Dkt. 90.)

Finally, on July 3, 2024, after Mercer had concluded its additional discovery,
after Magistrate Judge Rosenbluth had denied Mercer's discovery motions, and after
Mercer had moved to dismiss its new claims, Defendants filed their MSJ.  (Dkt. 91.)
The MSJ challenges all eight causes of action asserted by Mercer.  Given its
breadth, the parties stipulated to, and the Court approved, an expansion (to 10,000
words) of the word limit for the moving and opposing papers.  (Dkt. 73.)  The Court
will hear the Motion on August 19, 2024.

Trial is set to begin September 10, 2024, with various pretrial submissions
due starting in mid-August 2024 both before the Motion hearing date of August 19.
(Dkt. 52.)  Defendants also intend to file a *Daubert* motion challenging the
conclusions and testimony of Mercer's designated expert, George Derpanopoulos
who, among other things, purports to engage in statistical analyses to support and
inflate Mercer's damage claims.  (Scheibe Decl., ¶ 8.)

Given the extremely short time between the hearing on the MSJ and the trial date, Defendants proposed a brief trial continuance designed to give the Court additional time to rule on the motion and the parties time to incorporate the results of that ruling into their pretrial preparation and pretrial documents. Counsel for the parties met and conferred by telephone on July 15, 2024, after which Defendants proposed the amended schedule set forth above. On July 17, 2024, Mercer rejected the proposed schedule. On July 18, 2024, counsel for Defendants notified opposing counsel over the phone of their intent to file this *ex parte* application per L.R. 7-19.1. (Scheibe Decl. ¶ 9.)

## III.    Argument

Under the Federal Rules of Civil Procedure, the schedule set by the district court may be modified "upon a showing of good cause and by leave of the district judge…" Fed. R. Civ. P. 16(b). The "good cause" standard of Rule 16(b) considers the diligence of the party seeking the amendment. "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Good cause" exists where the party seeking modification of a scheduling shows that, even with the exercise of diligence, the order's timetable cannot reasonably be met. *See id.* The Court need not address the potential prejudice to the opposing party. *See id.* Instead, "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

Here, good cause exists to modify the Scheduling Order due to 1) the disruption caused by Plaintiff Mercer Global Advisors, Inc.'s ("Mercer") late addition and subsequent subtraction of Hewitt Wealth Management, Inc. as a defendant, and 2) Defendants' pending MSJ, which will likely require both parties to redraft and resubmit their pretrial documents based on the results of the MSJ. Despite Defendants' diligence, the current schedule's deadlines cannot be satisfied due to the time consumed by the addition, and subsequent dismissal, of Hewitt

Wealth Management, Inc. and the claims asserted against it, and the time spent in discovery on those claims.

Defendants deferred filing that MSJ while Mercer filed its First Supplemental Complaint (Dkt. 54) adding a new defendant and new claims, conducted discovery into those new claims, and filed two (unsuccessful) motions to compel, which were denied on June 17, 2021 (Dkt. 71). Only after this discovery had concluded, and only after Mercer proposed dismissing the newly added defendant and newly added claims (Dkt. 90) were Defendants able to file their MSJ. Now they simply ask that the trial schedule be slightly modified so that the Court may give careful consideration to their meritorious MSJ and so that the parties, if necessary, can take the Court's ruling into account in preparing their pretrial documents.

In light of the deferred and now pending MSJ, modification of the scheduling order is necessary for judicial and party efficiency. The Court of course needs time to evaluate the merits of the MSJ and prepare its ruling. The parties need time to take the Court's ruling into account in preparing their pretrial documents. The Court's ruling may narrow, reduce, or eliminate entirely the issues to be decided at trial. But there is insufficient time between the hearing date on the MSJ (August 19, 2024) and the trial date (September 10, 2024) for this to occur. For example, under the current schedule, various documents must be exchanged on August 15, 2024, *even before the MSJ will be heard*, let alone decided. Those documents include:

- a list of pre-marked exhibits they intend to use at trial and copies of those exhibits;
- a list of witnesses the parties intend to call at trial;
- excerpts of deposition testimony to be presented at trial;
- proposed jury instructions; and
- proposed verdict forms.

Just one week after the MSJ is set to be heard, joint pretrial documents must be filed, including the parties' objections to exhibits. Quite obviously, none of these

documents need be prepared if the MSJ is granted. And even if it is not granted in whole, these documents will need to be revised, perhaps extensively, and resubmitted based on the results of the MSJ. For example, the parties (and Court) will not need multiple exhibits, jury instructions, and verdict forms on Mercer's trademark related claims if, as Defendants, expect, those claims are dismissed by summary judgment. Nor should the Court have to involve itself in the preparation of a Pretrial Order or in ruling on evidentiary objections to exhibits and deposition testimony or objections to jury instructions when the Pretrial Order and the parties' pretrial documents will need to be substantially modified based on the results of the MSJ.

Even were prejudice relevant, there is no prejudice to Mercer from a brief continuance. Mercer itself is the party that proposed the prior continuance so that it could bring, then dismiss, the claims it asserted with respect to Hewitt Wealth Management. Mercer was willing to continue the trial date to accommodate that amendment and the additional discovery necessitated thereby. It cannot show that an additional continuance of approximately 60 days will cause it any harm, particularly given that Defendants' deferral of their MSJ and the need for a continuance results from Mercer's insistence on adding, then dismissing, Hewitt Wealth Management.

## IV.    Conclusion

In light of the foregoing, Defendants respectfully request that the Court grant a brief trial continuance to allow for it to rule on the pending MSJ before trial and in time for the parties to take its ruling into account in preparing for that trial, should trial be necessary. A brief continuance is the only efficient and logical way of proceeding given the delays introduced by Mercer's addition and subsequent dismissal of new claims and a new defendant.

1     DATED:  July 18, 2024         ELLIS GEORGE LLP

2

3                                     By: _____

4                                         Benjamin D. Scheibe

5                                         Milin Chun

6                            Attorneys for Defendants ASHLEE CHU HEWITT, ALAN CHARLES HEWITT, and HEWITT ADVISORS, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EX PARTE APPLICATION TO MODIFY SCHEDULING ORDER